UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| James Paul Aery, | Civ. No. 22-CV-00491 (PJS/TNL) |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER** |
| Kyle Nohre, Individual and Official Capacity; and Beltrami County, | |
| Defendants. | |

_____

Defendants Kyle Nohre and Beltrami County, as and for their Answer to Plaintiff's Complaint, state and allege as follows:

I.

Defendants deny each and every allegation, matter, statement, and thing contained in Plaintiff's Complaint except as admitted or otherwise qualified herein.

II.

With regard to the allegations contained in Paragraph A of Plaintiff's Complaint, Defendants admit Defendant Nohre encountered Plaintiff on April 22, 2019. Defendants admit Deputy Nohre observed Plaintiff wearing light-colored clothing and hiding in down brush. Defendants deny the remaining allegations contained in Paragraph A of Plaintiff's Complaint.

III.

Defendants deny the allegations contained in Paragraph B of Plaintiff's Complaint.

IV.

With regard to the allegations contained in Paragraph C of Plaintiff's Complaint, Defendants admit that Defendant Nohre's conduct was reasonable on April 22, 2019. Defendants admit another Beltrami County Deputy was present when Defendant Nohre encountered Plaintiff on April 22, 2019. Defendants deny the remaining allegations contained in Paragraph C of Plaintiff's Complaint.

V.

Defendants allege, as and for an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendants maintain that Plaintiff's Complaint fails to state a cognizable claim for relief under the U.S. Constitution, state or common law and further maintain that Plaintiff has not sustained any deprivation of constitutional rights or rights under state or common law as alleged in his Complaint.

VI.

Defendants allege, as and for an affirmative defense, that Plaintiff has failed to mitigate his claimed damages.

VII.

Defendants allege, as and for an affirmative defense, that the doctrines of immunity, including but not limited to, statutory immunity, qualified immunity, official immunity, and discretionary immunity, apply, both directly and vicariously, to shield Defendants from liability for Plaintiff's claims.

VIII.

Defendants allege, as and for an affirmative defense, that the actions taken toward Plaintiff were in compliance with applicable laws.

IX.

Defendants allege, as and for an affirmative defense, that the conduct of Defendants does not qualify as or constitute a pattern or practice of improper conduct by Defendants.

X.

Defendants allege, as and for an affirmative defense, that the conduct of Defendants was appropriate and justified and did not violate any of Plaintiff's clearly established statutory or constitutional rights.

XI.

Defendants allege, as and for an affirmative defense, that Plaintiff has not experienced severe emotional distress.

XII.

Defendants allege, as and for an affirmative defense, that if Plaintiff sustained damages as alleged in his Complaint, such damages were the result of acts or omissions of Plaintiff or others over whom Defendants had no control and for which Defendants are not responsible.

XIII.

Defendants allege, as and for an affirmative defense, that the allegations contained in Plaintiff's Complaint are barred by the applicable statute of limitations.

XIV.

As separate, alternative, and affirmative defenses to the Complaint, so as not to waive them until discovery is completed, Defendants allege that the claims in the Complaint may be barred by any of the affirmative defenses contemplated by Rules 8(c) of the Federal Rules of Civil Procedure.

XV.

Defendants hereby demand a jury trial on any claim for which a jury is available.

WHEREFORE, Defendants Kyle Nohre and Beltrami County demand the following relief:

1. That Plaintiff take nothing by his Complaint and that he be denied all of the damages and remedies outlined in Plaintiff's Complaint;

2. Dismissal of Plaintiff's Complaint, on its merits, in its entirety, and with prejudice;

3. Payment of its costs, disbursements, and attorney's fees incurred as a result of Plaintiff's Complaint;

4. A trial by jury on the claims for which a jury is available; and

5. Any and all other relief as the Court deems just and equitable.

QUINLIVAN & HUGHES, P.A.

Dated: May 10, 2022

/s/Dyan J. Ebert
Dyan J. Ebert # 0237966
Elle M. Lannon #0400873
Attorneys for Defendants
PO Box 1008
St. Cloud, MN  56302-1008
(320) 251-1414
debert@quinlivan.com
elannon@quinlivan.com