## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

James Paul Aery,                                      Case No. 22-cv-491 (PJS/TNL)

       Plaintiff,

v.                                                                    **ORDER**

Kyle Nohre,
*Individual & Official Capacity*, and
Beltrami County,

       Defendants.

---

James Paul Aery, Beltrami County Jail, 626 Minnesota Avenue Northwest, Bemidji, MN 56601 (pro se Plaintiff); and

Dyan J. Ebert and Elle M. Lannon, Quinlivan & Hughes, PA, P.O. Box 1008, St. Cloud, MN 56302-1008 (for Defendants).

---

This matter comes before the Court on pro se Plaintiff James Paul Aery's Motion to Modify Scheduling Order, ECF No. 22, and Motion for Order Compelling Discovery, ECF No. 24. Defendants oppose the motions. *See generally* ECF Nos. 26, 31.

### I. PROCEDURAL DEFICIENCIES

The Court first reminds Plaintiff that his pro se status does not excuse him from complying with all applicable rules, laws, orders of the Court, and the like in this case. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th

1

Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."); *see also* ECF No. 19 at 3 ("As Plaintiff is presently representing himself, he is reminded of the need to obtain and review a copy of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Minnesota.").  Future failure to follow all applicable rules and orders of the Court may result in sanctions up to and including dismissal of this case.  *See, e.g.*, ECF No. 19 at 3 (listing possible remedies for non-compliance); Fed. R. Civ. P. 41(b).

There is no indication that Plaintiff provided a copy of either motion to Defendants.  *See, e.g.*, Aff. of Dyan J. Ebert ¶¶ 2-3, ECF No. 27.  The Pretrial Scheduling Order, ECF No. 19, entered on May 18, 2022, requires that "[a]ll motions be filed with the Clerk of Court with a copy sent to the opposing party."  ECF No. 19 at 1.

Additionally, there is no indication that Plaintiff attempted to meet and confer with Defendants before filing these motions.[1]  With the exception of motions for temporary restraining orders and motions for summary judgment, this Court's Local Rules requires a party seeking to file a motion to "meet and confer with the opposing party in a good-

---

[1] To the extent Plaintiff asserts that he needs the Court to supply him with materials, such as phone cards, so that he may meet and confer with Defendants' counsel, *see* ECF No. 24 at 2, Plaintiff is again reminded that permission to proceed *in forma pauperis* ("IFP") "exempts litigants from filing fees only.  It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs; expert witness fees; or sanctions."  *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (citations omitted); *see Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.").  "[N]othing in the IFP statute requires the Court to pay a party's discovery costs."  *Janetta v. Minn. Dep't of Human Servs.*, No. 19-cv-2622 (ECT/TNL), 2020 WL 4593816, at *1 (D. Minn. Aug. 11, 2020) (citing *Mays v. Sherburne Cty. Jail*, No. 20-cv-506 (PAM/KMM), 2020 WL 4218806, at *4 (D. Minn. July 23, 2020)).  IFP status "does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case."  *Lightfeather v. Osborn*, No. 4:20CV3118, 2021 WL 107141, at *3 (D. Neb. Jan. 12, 2021), *appeal dismissed*, No. 21-1646, 2021 WL 4240975 (8th Cir. Apr. 1, 2021).

faith effort to resolve the issues raised by the motion." D. Minn. LR 7.1(a). As described by another magistrate judge in this District, "[t]he meet-and-confer requirement of the Local Rules is intended to lead to a meaningful, pre-motion-filing exchange of views between the parties to a lawsuit, and, if possible, to a full or partial resolution of the matter(s) that are the subject of a contemplated motion." *Marks v. Bauer*, No. 20-cv-1913 (ADM/JFD), 2021 WL 6050309, at *3 (D. Minn. Dec. 21, 2021) (quotation omitted). Should motion practice still be necessary after the parties have engaged in the meet-and-confer process, "the moving party must [then] file a meet-and-confer statement together with the motion that it relates to," certifying that the parties have in fact engaged in this important prerequisite. D. Minn. LR 7.1(a)(1)(A); *see* D. Minn. LR 7.1(a)(1)(B) (contents of meet-and-confer statement); *see also Icenhower v. Total Auto., Inc.*, No. 14-cv-1499 (ADM/TNL), 2014 WL 4055784, at *2 (D. Minn. Aug. 15, 2014) ("[G]ood faith communications with opposing counsel can reduce or eliminate unnecessary motion practice.").

Going forward, for all motions where a meet and confer is required, Plaintiff must file documentation with each motion sufficient to show that he meaningfully met and conferred with Defendants' counsel. Failure to do so will result in Plaintiff's motions being summarily denied and may result in the imposition of additional remedies and sanctions as may be appropriate.

## II. MODIFICATION OF THE PRETRIAL SCHEDULING ORDER

Plaintiff requests that the July 1, 2022 deadline for amending the pleadings be extended by 30 days.[2]  *See* ECF No. 19 at 2 ("All motions which seek to amend the pleadings or add parties must be filed and served, including any memorandum of law and all supporting documents, on or before **July 1, 2022**.").  Plaintiff states that he needs an extension of time because he does not have a copy of the Complaint and "Defendants [are] taking exactly 30 days (or more) to get [him] responses in writing regarding [d]iscovery requests."  ECF No. 22 at 1.  Defendants point out the procedural deficiencies outlined above and contend that Plaintiff has neither shown the good cause required under Rule 16 of the Federal Rules of Civil Procedure for modifications of a pretrial scheduling order nor "explain[ed] the proposed modification's effect on any deadlines" as required under Local Rule 16.3(b)(2).

"District courts have broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders."  *In re Baycol Prods. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758-59 (8th Cir. 2006)).  Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see, e.g.*, *Marmo*, 457 F.3d at 759; *see also* D. Minn. LR 16.3(b)(1) (requiring a party moving to modify a scheduling order to "establish good cause for the proposed modification").  "The primary measure of good cause is the

---

[2] Plaintiff's motion was mailed from the facility in which he is currently confined on June 28, 2022, before the July 1, 2022 deadline, and is therefore timely. ECF No. 22-1; *see Pitts v. Ramsey Cty.*, No. 17-cv-4261 (MJD/TNL), 2018 WL 3118437, at *2 (D. Minn. May 25, 2018) (discussing prison mailbox rule), *report and recommendation adopted*, 2018 WL 3118293 (D. Minn. June 25, 2018).

4

movant's diligence in attempting to meet the scheduling order's requirements."  *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) (quotation omitted); *accord Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).  In addition to establishing good cause for any modification, this Court's Local Rules requires the party seeking the modification to "explain the proposed modification's effect on any deadlines."  D. Minn. LR 16.3(b)(2).

Affording Plaintiff's motion the benefits of a liberal construction in light of his pro se status, *see, e.g.*, *Olsen ex rel. Xurex, Inc. v. Di Mase*, 24 F.4th 1197, 1202 (8th Cir. 2022), the Court finds there is good cause for extending the deadline for motions which seek to amend the pleadings or add parties to **September 2, 2022**, given the limitations and challenges Plaintiff faced with respect to obtaining a copy of the Complaint in light of his present incarceration.[3]

Plaintiff is cautioned that any future motion to amend the pleadings must comply with Local Rule 15.1, which requires that such motion include a copy of the proposed amended pleading *and* "a version of the proposed amended pleading that shows— through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading."  D. Minn. LR 15.1(b).  Moreover, any proposed amended complaint must meet the following requirements:

1. The proposed amended complaint must be an entirely new pleading that fully supersedes, and does not merely supplement, the Complaint;

---

[3] The Court notes that courtesy copies of the Complaint were mailed to Plaintiff on both July 5 and July 11, 2022.

2. The proposed amended complaint must clearly identify each defendant that Plaintiff is attempting to sue, specifying whether the defendant is being sued in his or her personal capacity, official capacity, or both;

3. The proposed amended complaint must include a complete and coherent description of the historical facts on which Plaintiff's lawsuit is based;

4. The proposed amended complaint must clearly describe what, specifically, each named defendant actually did (or failed to do) that allegedly violated Plaintiff's rights under federal law; and

5. The proposed amended complaint must clearly describe the specific relief that Plaintiff is seeking against each defendant.

In sum, any proposed amended pleading must describe the specific factual and legal bases for the claims in a clear, complete, and well-organized fashion.

As there has been no request to amend any of the remaining deadlines in the Pretrial Scheduling Order, all other dates remain in full force and effect.

### III. DISCOVERY

Plaintiff moves for an order compelling discovery under Rule 37 of the Federal Rules of Civil Procedure. Plaintiff states that he needs "cooperation [from Defendants] with [his] requests," not "canned replies" and excuses. ECF No. 24 at 2. Plaintiff takes issue with some of Defendants' responses to his discovery requests, without specifying the particular discovery requests in dispute. Defendants again point out the procedural irregularities with the motion and ask that it be denied on this basis.

According to Defendants, "Plaintiff made absolutely no effort to meet and confer with Defendants' counsel regarding his discovery requests." ECF No. 31 at 5. In addition to the general meet-and-confer requirement contained in Local Rule 7.1, *see supra* Section I, Rule 37 of the Federal Rules of Civil Procedure similarly requires a party

to include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" when moving for an order to compel discovery. Fed. R. Civ. P. 37(a)(1); *see also* D. Minn. LR 37.1(a) (requiring a motion brought under Fed. R. Civ. P. 37 to include "any certification required by a federal or local rule that the movant has in good faith conferred or attempted to confer with the party failing to act"). "Before the court can rule on a motion [to compel], the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006). The meet-and-confer requirement "is only fulfilled when parties have engaged in a genuine and good-faith discussion about each discovery request that is in dispute." *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 17-cv-5009 (JRT/KMM), 2019 WL 2024538, at *1 (D. Minn. May 8, 2019). As stated above, there is no evidence in the record that Plaintiff attempted to meet and confer with Defendants regarding any of the discovery responses he contends are improper.

Moreover, under Rule 37 of the Federal Rules of Civil Procedure and this Court's Local Rule 37.1, a party may move to compel certain, specific discovery previously sought, explaining "why the disclosure, answer, response, production, or objection is insufficient, evasive, incomplete, or otherwise improper." D. Minn. LR 37.1(d); *see* Fed. R. Civ. P. 37(a)(3)(B). Along with the meet-and-confer statement, *see* D. Minn. LR 37.1(a), a motion to compel must contain the following pursuant to this Court's Local Rules:

> (b) a specification of the disclosure or discovery in dispute;

7

(c) the text (which may appear in an exhibit to which the motion or memorandum refers) of any interrogatory, request, question, or notice in dispute, together with each answer, response, or objection to any such interrogatory, request, question, or notice;

(d) a concise statement of why the disclosure, answer, response, production, or objection is insufficient, evasive, incomplete, or otherwise improper;

(e) if the motion concerns a failure to preserve electronically stored information, a showing that the information—

(1) should have been preserved in the anticipation or conduct of litigation,

(2) was lost because a party failed to take reasonable steps to preserve it, and

(3) cannot be restored or replaced through additional discovery; and

(f) the remedy sought, together with an argument for why the requested remedy is authorized and justified.

D. Minn. LR 37.1.

Here, Plaintiff has not specified, identified, or attached the particular discovery requests in dispute.  The Court is left to guess at the form and substance of the discovery requests propounded by Plaintiff; how Defendants responded to those requests; and what about Defendants' responses Plaintiff contends "is insufficient, evasive, incomplete, or otherwise improper," D. Minn. LR 37.1(d).  In light of these deficiencies, the Court denies this motion without prejudice.

When a motion to compel is denied, Rule 37(a)(5)(B) requires that the Court order "the movant, attorney filing the motion, or both to pay the party . . . who opposed the

motion its reasonable expenses incurred in opposing the motion, including attorney's fees," after being given "an opportunity to be heard."   This payment "must not" be ordered, however, "if the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).  In light of Plaintiff's pro se status and the circumstances of this case, the Court concludes that it would be unjust to award expenses under Rule 37(a)(5)(B) at this juncture.  Plaintiff is cautioned, however, that the Court will not hesitate to award such expenses in the future should circumstances warrant.

**IV. ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Modify Scheduling Order, ECF No. 22, is **GRANTED**.

2. All motions which seek to amend the pleadings or add parties must be filed and served, including any memorandum of law and all supporting documents, on or before **September 2, 2022**.

3. Plaintiff's Motion for Order Compelling Discovery, ECF No. 24, is **DENIED WITHOUT PREJUDICE**.

4. Each party shall bear its own costs and attorney fees.

5. Plaintiff is again reminded of the need to obtain and review a copy of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Minnesota.

6. All prior consistent Orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and

attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: August___5___, 2022

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Aery v. Nohre et al.*
Case No. 22-cv-491 (PJS/TNL)