UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-491 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Kyle Nohre, *Individual & Official Capacity*, and Beltrami County, | |
| Defendants. | |

---

This matter comes before the Court on pro se Plaintiff James Paul Aery's letter dated September 15, 2022. ECF No. 45. The Court construes Plaintiff's letter as a request to seek reconsideration of the Court's Order dated September 8, 2022, ECF No. 40. *See* D. Minn. LR 7.1(j); *see also Olsen as Tr. for Xurex, Inc. v. Di Mase*, 24 F.4th 1197, 1202 (8th Cir. 2022) ("A document filed pro se is to be liberally construed." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))), *reh'g denied*, No. 20-2771, 2022 WL 780571 (8th Cir. Mar. 15, 2022).

In the September 8 Order, the Court directed that an Amended Complaint, ECF No. 39, filed by Plaintiff be marked as filed in error, further stating that "[t]he Amended Complaint is of no effect in this litigation and the Complaint, ECF No. 1, remains the operative pleading." ECF No. 40 at 3. The Court explained that there was "no indication that Defendants consented to Plaintiff filing an amended complaint or that Plaintiff met and conferred with Defendants regarding his proposed amendments." ECF No. 40 at 1;

1

*see* Fed. R. Civ. P. 15(a)(2); D. Minn. LR 7.1(a).  The Court further explained that even if Plaintiff's Amended Complaint "could be construed as a motion—and there [wa]s no indication that Plaintiff intended it to be," Plaintiff failed to comply with Local Rules 15.1(b) and 7.1(b).  ECF No. 40 at 1-2.  There was also no "indication that Plaintiff provided a copy of th[e] filing to Defendants as required under the Pretrial Scheduling Order."  ECF No. 40 at 2 (citing ECF No. 19 at 1).  The Court additionally noted that Plaintiff had been previously informed that Local Rule 15.1(b) required that any motion to amend the pleadings be accompanied by "a copy of the proposed amended pleading and a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading," ECF No. 40 at 2; *see* ECF No. 35 at 5, and that "notwithstanding the Court's express warning of the need to comply with Local Rule 15.1, Plaintiff failed to do so."  ECF No. 40 at 2.

Plaintiff states that the September 8 Order "is not accurate due to [an] August 5th 2022 Order allowing [him] to [a]mend [the] Complaint."  ECF No. 45 at 1.  The prior August 5, 2022 Order, ECF No. 35, extended the deadline for filing a *motion* seeking to leave to amend the pleadings or add parties from July 1, 2022, to September 2, 2022.  ECF No. 35 at 4-5.  The August 5 Order did not permit Plaintiff to file an Amended Complaint without following the proper procedure.  The Court concludes that Plaintiff has not shown the compelling circumstances required to seek reconsideration of the September 8 Order.  *See* D. Minn. LR 7.1(j).

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's letter

request, ECF No. 45, is **DENIED**.


Dated: October  13 , 2022                             *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *Aery v. Nohre et al.*
                                                      Case No. 22-cv-491 (PJS/TNL)