UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES PAUL AERY, | Case No. 22-CV-0491 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| KYLE NOHRE, Individual & Official Capacity, and BELTRAMI COUNTY, | |
| Defendants. | |

James Paul Aery, pro se.

Dyan J. Ebert & Elle M. Lannon, QUINLIVAN & HUGHES, P.A., for defendants.

This matter is before the Court on defendants' and plaintiff's[1] objections to the July 5, 2023 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung. Judge Leung recommends granting in part and denying in part defendants' motion for summary judgment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the objections and adopts Judge Leung's R&R.

Only two matters merit comment:

---

[1] Plaintiff James Paul Aery's objection was filed more than a week late, continuing Aery's longstanding pattern of failing to meet deadlines. *See* ECF No. 65 (filed on July 27, 2023, 22 days after Judge Leung issued the R&R). The Court has nevertheless considered Aery's objection and overrules that objection on the merits without further comment.

*First*, defendants argue that there is not enough evidence in the record for a reasonable jury to conclude that plaintiff James Aery was bitten by Mac (defendant Kyle Nohre's canine). Defendants concede that Aery has provided sworn testimony—both in his verified complaint and in his discovery responses—that he was bitten by Mac. But, say defendants, Aery has "provided no independent evidence, beyond his self-serving statements in his Complaint and discovery responses . . . to support his allegation that he was bitten by Mac." ECF No. 63 at 10. Defendants rely on occasional statements in Eighth Circuit cases remarking that, to defeat summary judgment, a plaintiff cannot rely on "self-serving affidavits," *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006), or "unsupported self-serving allegations," *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

The problem with these statements—as the Eighth Circuit itself has recognized—is that they are not true, at least if taken literally.[2] The sworn testimony of a party is almost always "self serving"—and sometimes that testimony is not substantiated with "independent evidence"—but that does not mean that the testimony

---

[2]A close examination of the cases in which the Eighth Circuit has made such statements reveals that the "self-serving" nature of admissible evidence or the absence of independent corroboration of such evidence is almost never the only reason why summary judgment is affirmed. Instead, summary judgment is almost always affirmed because the non-movant relied on unsworn allegations, or relied on sworn allegations that were *inadmissible* (such as allegations that were not based on the affiant's personal knowledge), or relied on evidence that—although admissible—was insufficiently probative to allow a jury to return a verdict for the non-movant.

can be ignored in deciding whether to grant summary judgment. Suppose, for example, that a plaintiff sues a defendant for running a red light and causing a collision that only the two parties witnessed. If the plaintiff submits an affidavit swearing that the light was red—and the defendant submits an affidavit swearing that the light was green—then any first-year law student would know that summary judgment cannot be granted to the defendant. That is true even though the plaintiff's testimony is "self serving" and unsupported by "independent evidence."

Or suppose that a plaintiff sues a defendant for sexually assaulting her while the two were alone in her apartment. If the plaintiff submits an affidavit swearing that she did not consent to the sexual contact—and the defendant submits an affidavit swearing that the plaintiff did consent to the sexual contact—then summary judgment obviously cannot be granted to the defendant. And, again, that is true even though the plaintiff's testimony was "self serving" and unsupported by "independent evidence." As the Eighth Circuit has explained:

> We may not, however, discount evidence as urged by [defendant], nor may we view the facts in the light [defendant] suggests. The Federal Rules of Civil Procedure expressly contemplate the use of affidavits, depositions, interrogatory answers, and declarations as permissible forms of evidence at the summary judgment stage. Fed. R. Civ. P. 56(c)(1)(A) & (c)(4). Neither the absence of written reports nor the self-serving nature of affidavits, interrogatory answers, or deposition testimony serve to make such

>  evidence inherently infirm.  As such, we generally do not
>  discount such evidence at the summary judgment stage.

*Stewart v. Rise, Inc.*, 791 F.3d 849, 860 (8th Cir. 2015); *see also Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir. 2012) ("Simply dismissing such evidence as 'self-serving' is precisely the sort of 'metaphysical doubt' that will not suffice to oppose summary judgment.").

In this case, the record contains evidence (such as the verified complaint and the sworn discovery responses of Aery) that Aery was bitten by Mac, as well as evidence (such as photographs taken of Aery's shoulder shortly after his arrest) that Aery was not bitten by Mac.  Clearly, there is a "genuine dispute" as to whether Aery was bitten, and clearly, whether Aery was bitten is a "material fact."  Fed. R. Civ. P. 56(a).  The Court thus agrees with Judge Leung that defendants are not entitled to summary judgment on this basis.

*Second*, defendants' attempts to distinguish *Kuha v. City of Minnetonka*, 365 F.3d 590 (8th Cir. 2003), and *Szabla v. City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007) (en banc) are unpersuasive.  Those cases are directly on point (as Judge Leung explained), and they have been joined by an Eighth Circuit decision released after the R&R was issued.  In *Adams v. City of Cedar Rapids*, the Eighth Circuit confirmed that *Kuha* and *Szabla* "clearly established that [an officer is] required to provide an adequate warning

when searching with his police dog trained to bite and hold." 74 F.4th 935, 939 (8th Cir. 2023).

*Adams* also supports Judge Leung's conclusion that this case is not "one of those 'exceptional cases where a warning was not feasible.'" R&R at 16 (quoting *Kuha*, 365 F.3d at 599). In *Adams*, the defendant officer knew that the plaintiff (a suspect who was apprehended by a police canine without being given a warning) was "armed and may have just committed a burglary." 74 F.4th at 940. Nevertheless, the court concluded that the case was not one in which "the threat to officer safety is so obvious that it becomes a legal question." *Id*. If the threat to officer safety was not clear enough to forego the warning requirement in *Adams* (a case in which the plaintiff was *known* to be armed), then the threat was certainly not enough for Nohre to forego a warning here.

The only evidence offered by defendants that even remotely supports their argument that Aery posed a risk to the officers is an isolated statement in Nohre's incident report that Aery "is a known drug user and violent person." Ebert Aff. Ex. A at 13. But nothing in the record indicates that Aery was armed or acting violently at the time he was being pursued. Officers were pursuing Aery because they thought he stole an ATV, not because they suspected him of committing a violent crime. *See id.* at 30–31.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendants' objection [ECF No. 63], OVERRULES plaintiff's objection [ECF No. 65], and ADOPTS the R&R [ECF No. 62].  IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 49] is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's claims against defendant Beltrami County and against defendant Nohre in his official capacity are DISMISSED WITH PREJUDICE AND ON THE MERITS.

3. Plaintiff's claim against defendant Nohre in his individual capacity may proceed to trial.

Dated:  August 23, 2023                              s/Patrick J. Schiltz
                                                     Patrick J. Schiltz, Chief Judge
                                                     United States District Court